FILED
CLERK
11:52 am, Jan 12, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPH ANANIA, JAMES ANNING,
WILLIAM BUSCHMANN, MICHAEL FISHER,
NANCY HASKELL, GERODETTE MACWHINNIE,
KEITH MARRAN, MICHAEL MCPHERSON,
ROLAND MICHELY, GARY SACKS, ROBERTA
TERAZO and SARA WIDDICOMBE,

                            Plaintiffs,                    MEMORANDUM
                                                           AND ORDER

                                                           CV 16-3542 (SJF) (ARL)
            - against -

UNITED STATES OF AMERICA,
UNITED STATES ARMY CORPS OF ENGINEERS,
COLONEL DAVID A. CALDWELL, COUNTY OF
SUFFOLK and GILBERT ANDERSON,

                            Defendants.
----------------------------------------------------------------X
```

**FEUERSTEIN, District Judge:**

I. **INTRODUCTION**

Plaintiffs, Joseph Anania, James Anning, William Buschmann, Michael Fisher, Nancy Haskell, Gerodette MacWhinnie, Keith Marran, Michael McPherson, Roland Michely, Gary Sacks, Roberta Terazo and Sara Widdicombe (collectively, the "Plaintiffs") bring the instant action, arising under the First, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, against Defendants United States of America (the "United States"), United States Army Corps of Engineers (the "USACE"), Colonel David A. Caldwell ("Colonel Caldwell") (collectively, the "Federal Defendants"), County of Suffolk (the "County") and

Gilbert Anderson ("Anderson") (collectively, the "Defendants") seeking damages, declaratory and injunctive relief stemming from the alleged "takings of Plaintiffs' property rights, in connection with the design and implementation of the so-called Fire Island Inlet to Moriches Inlet Fire Island Stabilization Beach Restoration Project (the "FIMI Project"), by the [USACE], in concert with the County of Suffolk, New York and the State of New York." *See generally* Amended Complaint ("Am. Compl."). Presently before the Court is Judge Lindsay's Report and Recommendation concerning the County's Rules 12(c) motion [DE 40] as well as the Federal Defendants' motion pursuant to Rule 12(b)(1), 12(b)(6) and 12(c) [DE 56] seeking to dismiss the Amended Complaint in its entirety. *See* DE 64 ("the R&R"). Judge Lindsay recommends that these motions "should be converted into motions for summary judgment and . . . that the motions be denied, at this time, in order to give plaintiffs a reasonable opportunity to present material pertinent to the converted motions." R&R at 1. For the reasons that follow, Judge Lindsay's R&R is adopted to the extent set forth in this Memorandum and Order.

## II. BACKGROUND

### A. Judge Lindsay's Report and Recommendation

Judge Lindsay's recommendation, that both of Defendants' motions be converted to "motions for summary judgment," *see* R&R at 6, is premised upon the "enormity of the record that has been placed before the Court, the federal defendants' request, albeit it [*sic*] in the alternative, that the motion be decided pursuant to Rule 56, and the plaintiffs' own attempt to supplement the record with an expert declaration. . . ." *Id*. at 6. Judge Lindsay noted that "the County has submitted a large portion of the FIMI Project Main Report, issued by the USACE in June 2014 (the "HSLRR")," "several appendices to the HSLRR," "environmental review documents [contained in the USACE website]," "materials that were circulated in advance of or

were made part of the Eminent Domain hearing record" and "samples of easement forms as well as several documents that were mailed to property owners in an attempt to provide an explanation of the key provisions of the easements." *Id*. at 4. Judge Lindsay further noted that the "federal defendants have also asked the Court to consider the entire HSLRR and its appendices . . . the Project Partnership Agreement dated August 25, 2014 and the and the Local Partnership Agreement dated August 5, 2015, referred to in the amended complaint" and opined that "although the plaintiffs have failed to provide citations to many of the facts set forth in their opposing memoranda, they too have made numerous references to the documents described above" while also "rely[ing] on an affidavit submitted by their coastal expert scientist, Dr. Mark Byrnes, Ph.D., that was submitted in support of their preliminary injunction motion." *Id*. at 4-5.

Notwithstanding that all parties expressly or impliedly requested consideration of various documents that purportedly exist outside of the Amended Complaint and the County's argument that "conversion is unnecessary given the plaintiffs' repeated reference to many of documents in their amended complaint" as well as the fact that "the documents at issue were available to the plaintiffs when they framed their allegations," *id*. at 4-5, Judge Lindsay stated that it is "within a district court's discretion to convert a motion to dismiss or a motion for judgment on the pleadings to a motion for summary judgment when the parties have presented matters outside the pleadings, provided that the parties are given reasonable notice and an opportunity to present pertinent material before such a motion is converted," *id*. at 5 (citing cases), and that prior to "converting the motions, all parties must be given notice, as well as a reasonable opportunity to submit all material made pertinent to such motion by Rule 56." *Id*. at 6 (citing cases). Thus, in light of the broad discretion afforded to a district court in determining whether a motion to dismiss or for judgment on the pleadings should be converted into one for summary judgment

and "given the enormity of the record that has been placed before the Court, the federal defendants' request, albeit in the alternative, that the motion be decided pursuant to Rule 56,[1] and the plaintiffs' own attempt to supplement the record with an expert declaration," Judge Lindsay determined that "the better course is to convert the pending motions to motions for summary judgment." *Id*. at 6.

Based upon this determination, Judge Lindsay has recommended that Defendants' motions "be denied, at this time, in order to give the plaintiffs a reasonable opportunity to present material pertinent to the converted motions." *Id*. at 7. However, Judge Lindsay qualified this recommendation by stating that "[a]lthough the Court believes that the materials offered by the parties in connection with the preliminary injunction motion would be helpful in its determination [of the instant motions], given the defendants' grounds for dismissal, the undersigned does not believe that additional discovery is necessary at this time." *Id*. n. 1.

### B. The County Defendant's Response

The County asserts that it "does not object to the conversion of the County's motion for judgment on the pleadings under Rule 12(c) to a motion for summary judgment" and also "agrees with the statement by [Judge Lindsay] that no discovery is required." Response and Objections of the County of Suffolk to Magistrate's Report and Recommendation ("Cty. Defs.' Response") at 1-2. The County states that it "believes that the voluminous papers filed already with the Court provide everything needed to decide whether to grant summary judgment" and that upon conversion of the motion "the Court consider all papers submitted by all parties in

---

[1] The Federal Defendants have only requested this alternative treatment with respect to Count VI of the Amended Complaint which seeks relief pursuant to the Administrative Procedure Act. *See* Federal Defendants' Memorandum of Law in Support of Motion to Dismiss the [Amended] Complaint Pursuant to Rule 12(b)(1), 12(b)(6), and 12(c), or, Alternatively, as to Count VI only, for Summary Judgment (Fed. Defs.' Mem.") at 22 n. 4.

4

connection with the following: (1) The County's 2/17/17 Motion for Judgment on the Pleadings pursuant to Rule 12(c); (2) The Federal Defendants' 6/23/17 Motion to Dismiss; (3) Plaintiffs' 6/28/16 Motion for a Preliminary Injunction; and (4) Plaintiffs' 10/2/17 Application for a Temporary Restraining Order." *Id*. at 2. Therefore, the County requests "that a short period be allowed for further submissions. . . ." *Id*.

### C. The Federal Defendants' Response

The Federal Defendants take issue with Judge Lindsay's recommendation, asserting that "it is not appropriate to convert the Federal Defendants' motion to dismiss to a motion for summary judgment in this case. Rather, the Court should decide the motion on the basis of the submissions before the Court." Federal Defendants' Memorandum of Law in Support of Objections to Report and Recommendation on Federal Defendants' Motion to Dismiss the [Amended] Complaint Pursuant to Rule 12(b)(1), 12(b)(6), and 12(c), or, Alternatively, as to Count VI only, for Summary Judgment ("Fed. Defs.' Response") at 4. Specifically, according to the Federal Defendants, their "motion to dismiss Counts I-III[2] may not be converted to summary judgment because this portion of the motion to dismiss presents purely legal questions that can be determined on the pleadings" coupled with the fact that no "party [has] presented . . . any 'matters outside the pleadings' [ ] in support of or opposition to the Federal Defendants' motion to dismiss Counts I-III." *Id*. at 5. Likewise, the Federal Defendants assert that conversion is unwarranted with respect to Counts IV-VII[3] since: (1) "the Federal Defendants did not rely upon or ask the Court to consider the Project Partnership Agreement and the Local Partnership

---

[2] Counts I-III plead claims premised upon a denial of Equal Protection, denial of Due Process and chilling of First Amendment rights. *See generally* Am. Compl.

[3] Counts IV-VII plead claims premised upon Declaratory Judgment, the Administrative Procedure Act and injunctive relief. *See generally* Am. Compl.

5

Agreement as a basis to grant their motion to dismiss" but rather submitted these documents "as part of the factual background in [the Federal Defendants'] initial brief;" (2) "the HSLRR and all of its attachments constitute the administrative record" and therefore these materials "are not only properly before the Court, but are . . . the only materials that may be considered upon plaintiffs' claims in Counts IV-VII that seek review of, inter alia, the USACE's action under the APA;" (3) "regardless of the procedural vehicle chosen to move to dismiss an APA claim challenging agency action, matters outside the administrative record may not be considered except in very narrow circumstances not present . . . here;" and (4) "Counts IV-VII . . . depend on the baseless contention that Cherry Grove has been excluded from the FIMI project because its dune will not be reconstructed to pre-Sandy condition." *Id*. at 5-10.

### D. Plaintiffs' Response

Plaintiffs state that they have "no objection to the central recommendation contained within Magistrate Judge Lindsay's Report—that is, converting both the County and Federal Defendants' motions to dismiss to motions for summary judgment and allowing the Plaintiffs a reasonable amount of time to present pertinent materials in support of their position." Plaintiffs' Response to Magistrate's Report ("Pls.' Response") at 1. Plaintiffs nevertheless request that they be permitted the "opportunity to submit legal memoranda addressing the import of such additional materials and their relation to Plaintiffs' legal arguments" while also allowing Plaintiffs time to engage in additional discovery. *Id*. at 1-2.[4]

---

[4] The Federal Defendants filed a memorandum in opposition to Plaintiff's response to the R&R in which they reassert the position taken in their own response that "no additional [discovery] material may be presented [by] plaintiffs. . . ." Federal Defendants Memorandum of Law in Opposition to Plaintiffs' Response to the Report and Recommendation at 2.

**III.　STANDARD OF REVIEW**

28 U.S.C. § 636(b)(1) provides, in pertinent part, that

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Warren v. City of New York*, No. 15-CV-4063, 2017 WL 1231370, at *1 (E.D.N.Y. Apr. 3, 2017); *Thompson v. Yelich*, No. 09-CV-5039, 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 26, 2012) ("To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made."). Likewise, "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Thompson*, 2012 WL 5904359, at *1 (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted)); *Small v. Chappius*, No. 12 CV 5583, 2017 WL 4342132, at *3 (S.D.N.Y. Sept. 28, 2017). Similarly, "where no objections to the Report and Recommendation have been filed, the district court need only satisfy itself that there is no clear error on the face of the record." *Warren*, 2017 WL 1231370, at *1; *see Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Trustees of the Local 7 Tile Indus. Welfare Fund v. EAQ Constr. Corp.*, No. 14 CV 4097, 2016 WL 4536866 (E.D.N.Y. Aug. 30, 2016) ("The Court is not required to review, under a *de novo* or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed."); *Rococo Assocs., Inc. v. Award Packaging Corp.*, No. 06-CV-0975, 2007 WL 2026819, at *1 (E.D.N.Y. July 9, 2007). Moreover, "[w]here parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Blair v. L.I. Child & Family Dev. Servs., Inc.*, No. 16CV1591, 2017 WL 728231, at *1 (E.D.N.Y. Feb. 21, 2017).

## IV. DISCUSSION

Although neither the Plaintiffs nor the County Defendants take issue with the central recommendation in the R&R, the Federal Defendants have made specific and particularized objections regarding Judge Lindsay's conclusion that the pending motions to dismiss and for judgment on the pleadings be converted into motions for summary judgment and that Plaintiffs be given "a reasonable opportunity to present material pertinent to the converted motions." R&R at 1. Therefore, the Court will review Judge Lindsay's recommendation *de novo*.

Insofar as the Federal Defendants' assert that a "motion to dismiss presents purely legal questions that can be determined on the pleadings," Fed. Defs.' Response at 5, such a proposition is black letter law with which the Court agrees. *See Jannazzo v. United States*, No. 15-CV-3506, 2016 WL 1452392, at *3 (E.D.N.Y. Apr. 13, 2016) ("A motion to dismiss under Rule 12(b)(6) 'presents a pure legal question, based on allegations contained within the four corners of the complaint.'") (quoting *McMillan v. N.Y. State Bd. of Elections*, 10-cv-2502, 2010, 2010 WL 4065434 (E.D.N.Y. Oct. 15, 2010), *aff'd*, 449 F. App'x 79 (2d Cir. 2011)). However, with respect to the Federal Defendants' argument that their "motion to dismiss Counts I-III may not be converted to summary judgment because this portion of the motion to dismiss presents purely

legal questions that can be determined on the pleadings," Fed. Defs.' Response at 5, no citation for this proposition has been provided. Indeed, although these purportedly "purely legal questions" may be determined from the pleadings themselves, that does not lead to the conclusion that converting the portion of the motion brought pursuant to 12(b)(6) into one for summary judgment is inappropriate solely on that basis, especially if the Court were to consider matters outside of the pleadings in deciding the motion. *See e.g.*, *Noroozi v. Napolitano*, 905 F. Supp. 2d 535, 541 (S.D.N.Y. 2012) (recognizing that where "the entire case on review is a question of law, summary judgment is generally appropriate."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002) ("Once the District Court was presented with matters outside the pleadings, Rule 12(b) afforded two options. The court could have excluded the extrinsic documents. Because it elected not to do so, however, the court was obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56."). However, to the extent Defendants assert that their Rule 12(b)(1) jurisdictional arguments concerning Counts I-III cannot be converted into a motion for summary judgment, *see* Fed. Defs.' Response at 5, they are correct. *See Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) ("[A] motion to dismiss for lack of jurisdiction cannot be converted into a Rule 56 motion"); *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (same). Nevertheless, the Second Circuit has noted that in deciding a Rule 12(b)(1) motion, "a court may nonetheless look to Rule 56(f) for guidance in considering the need for discovery on jurisdictional facts." *Gualandi*, 385 F.3d at 244.[5]

---

[5] To the extent the Federal Defendants attempt to support their position by referencing the merits of their defenses as to Counts I-III (*i.e.*, that subject matter jurisdiction is lacking with respect to the United States and the USACE since the United States has "not waived sovereign immunity for claims seeking money damages for alleged constitutional violations" while these

Turning to the conversion of Count VI (the APA claim), which ultimately requires the Court to analyze whether the USACE's ultimate determination and findings were arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, *see* 5 U.S.C. 706(2)(A); *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007), the Federal Defendants appear to have contemplated conversion by moving, in alternative, for relief pursuant to Rule 56 as to this Count only. *See* Notice of Motion [DE 56]. In any event, "[w]hether an agency action is arbitrary and capricious is a legal question to be resolved on the basis of agency records in existence at the time of the action, and the Court will not engage in an evidentiary hearing or a *de novo* review." *Miezgiel v. Holder*, 33 F. Supp. 3d 184, 189 (E.D.N.Y. 2014) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44, 105 S. Ct. 1598, 84 L. Ed. 2d 643 (1985)); *see Storms v. Unite States*, 13-CV-811, 2017 WL 2684013, at *10 (E.D.N.Y. June 20, 2017) ("A court's review in an APA case is limited to the administrative record) (citing 5 U.S.C. § 706)). In addition, "Plaintiffs bear the burden of showing, by citation to evidence in the administrative record, that an agency's actions are arbitrary and capricious." *Miezgiel*, 33 F. Supp. 3d at 189 (citing *Boatmen v. Gutierrez*, 429 F. Supp. 2d 543, 548 (E.D.N.Y. 2006)); *see Glara Fashion, Inc. v. Holder*, No. 11 Civ. 889, 2012 WL 352309, at *6 (S.D.N.Y. Feb. 3, 2012). Moreover, although cases involving review of agency decisions pursuant to the APA, which "present only a question of law," *see Sikh Cultural Soc'y, Inc. v. United States Citizenship & Immigration Servs.*, No. 15-CV-5158, 2017 WL 1232476, at *9 (E.D.N.Y. Mar. 30, 2017), "are frequently disposed of on cross-motions for summary judgment," *Storms*, 2017 WL 2684013, at *10, the procedural vehicle being utilized to present the question for the court's review is largely academic. *See*

---

same claims against Colonel Caldwell fail to state a *Bivens* claim since "the complaint does not allege that [he] was personally involved in the supposed constitutional violations"), Fed. Defs.' Response at 5, Judge Lindsay's R&R did not analyze or otherwise address these arguments on their merits and neither will this Court in reviewing the objections raised to the R&R.

*Greene v. Carson*, 256 F. Supp. 3d 411, 423 (S.D.N.Y. 2017) ("[T]he question whether [an agency] acted in an arbitrary and capricious manner is a legal one which the district court can resolve on the agency record—regardless of whether it is presented in the context of a motion for judgment on the pleadings or in a motion for summary judgment (or in any other Rule 12 motion under the Federal Rules of Civil Procedure.") (alterations in original); *Citizens Against Casino Gambling in Erie Cty. v. Hogen*, No. 07-CV-0451S, 2008 WL 2746566, at *25 (W.D.N.Y. July 8, 2008) ("[I]n the agency review context, Plaintiffs' claims that Defendants acted in an arbitrary and capricious manner, or made determinations that are contrary to law, are legal questions that can be resolved on review of the agency record and/or the governing statutes, regardless of whether the questions are presented in the context of a motion to dismiss or in a motion for summary judgment."); *see also Clifford v. U.S. Coast Guard*, 915 F. Supp. 2d 299, 307 (E.D.N.Y.), *aff'd,* 548 F. App'x 23 (2d Cir. 2013) ("[W]ith respect to an APA claim, whether the defendant styles the motion under Rule 12 or Rule 56 of the Federal Rules of Civil Procedure, it is clear that the court reviewing the agency decision can consider the administrative record and generally should confine its review to such record."). Therefore, conversion of Count VI, although not required, would not be improper.

The Federal Defendants' objections concerning conversion of Counts IV, V and VII, which seek declaratory and injunctive relief, Fed. Defs.' Response at 9, are without merit. The Federal Defendants have moved to dismiss these Counts pursuant to Rule 12(c), *see* Notice of Motion [DE 56], and "[a] court may indeed convert a motion for judgment on the pleadings into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court.'" *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006) (quoting Fed. R. Civ. P. 12(c)); *see Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689

11

(2d Cir. 1990) ("The essential inquiry, when determining if the district court correctly converted a motion to dismiss into a motion for summary judgment, is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.") (internal quotations and citation omitted).

Having reviewed Judge Lindsay's R&R as well as the Federal Defendants' specific objections to the same, the Court finds Judge Lindsay's conclusion to be prudent in light of the voluminous record in this case coupled with the parties' attempts to introduce documents that could be construed as existing outside of the pleadings. Conversion of the motions will ensure that all evidence is given appropriate consideration when analyzing Defendants' respective motions as well as Plaintiffs' opposition. However, the Court rejects Judge Lindsay's recommendation to the extent that it may have implicitly recommended conversion of the Federal Defendants' motion brought pursuant to 12(b)(1), *see* Notice of Motion (bringing motion pursuant to 12(b)(1) as to the United States and USACE based upon lack of subject matter jurisdiction), since a 12(b)(1) motion cannot be converted into one for summary judgment. *See Gualandi*, 385 F.3d at 244.

The Court also agrees with Judge Lindsay that based upon the depth and scope of the materials which the parties have already presented to the Court in the context of earlier motion practice (*i.e.*, through Plaintiffs' previous applications for a Temporary Restraining Order and Preliminary Injunction), as well as those materials submitted with the pending motions, additional discovery is not necessary or warranted at this time. *See* R&R at 7 n. 1. Therefore, the documents to be submitted in conjunction with the refiled motions shall encompass only

those materials which have been presented to the Court in the pending motions as well as those documents that were previously attached to Plaintiffs' motions seeking injunctive relief.

In order to ensure all parties have an adequate opportunity to compile and submit all materials in conjunction with the converted motions and to ensure an orderly docket is maintained in this matter, the Court hereby denies, without prejudice, the County Defendants' and the Federal Defendants' pending motions [DE 40, 56]. The parties are to meet and confer regarding an agreed upon briefing schedule for resubmission of the motions in accordance with the directives contained in this Memorandum and Order and file the proposed schedule with the Court by January 22, 2018. The resubmitted motions are hereby each individually re-referred to Magistrate Judge Lindsay for a Report and Recommendation.

## V. CONCLUSION

Based upon the foregoing analysis: (1) Judge Lindsay's R&R [DE 64] is adopted to the extent set forth in this Memorandum and Order; (2) the County Defendants' Rule 12(c) motion [DE 40] is dismissed, without prejudice; (3) the Federal Defendants' Rule 12(b) and 12(c) motion [DE 56] is dismissed without prejudice; (4) the parties are directed to meet and confer regarding a briefing schedule for resubmission of the motions and submit the same to the Court by January 22, 2018; and (5) the resubmitted motions are hereby re-referred to Magistrate Judge Lindsay for a Report and Recommendation.

**SO ORDERED.**

Dated: Central Islip, New York
      January 12, 2018

/s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
U.S. District Judge